IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


OSCAR SANCHEZ-MARTINEZ,

                              Petitioner,

            v.                                    CASE NO. 18-3195-JWL

N.C. ENGLISH,

                              Respondent.


## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C.
§ 2241. Petitioner, a prisoner in federal custody, proceeds pro se.
He alleges the federal Bureau of Prisons (BOP) denied him due process
by failing to provide a certified translator during administrative
disciplinary proceedings and by failing to expunge the disciplinary
incident report against him after his cellmate accepted
responsibility for a disciplinary violation. He seeks the restoration
of Good Conduct Time.

### Factual Background

Petitioner is incarcerated at the United States Penitentiary,
Leavenworth, Kansas (USPL), and has been in the custody of the BOP
since February 2012. Prior to the incident involved in this matter,
he had been the subject of five disciplinary actions.

In May 2015, during plaintiff's initial classification at USPL,
education and unit team staff interviewed petitioner and found him
to be proficient in English.

In August 2017, staff conducting a random search of petitioner's
cell discovered a small blue and white piece of paper on top of a towel.
The paper was confiscated and tested by the Kansas Bureau of

Investigation (KBI) Laboratory, yielding a positive result for FUB-AMB and MDMB-CHMICA, both synthetic cannabinoids.

The KBI Forensic Laboratory Report was issued on November 13, 2017, and BOP staff prepared an incident report on November 22, 2017, charging petitioner with violation of Code 113, which prohibits the possession of any narcotics, marijuana, drugs, alcohol, intoxicants or related paraphernalia not prescribed by medical staff. The incident report identifies the code charge associated with the alleged violation, the date and time the search was conducted, a description of the item seized by staff and where it was found, the results contained in the KBI report, and an explanation by the chief pharmacist at USPL explaining why the substance seized is considered an intoxicant.

The incident report was suspended on November 22, 2017, pending a referral for prosecution, and was released for administrative processing on November 27, 2017. Petitioner received the report on the same day and was advised of his rights during the investigation. He stated that he understood those rights and chose not to make a statement. After investigation, staff forwarded the incident report to the Unit Discipline Committee (UDC) for action.

On November 28, 2017, petitioner appeared before the UDC and stated, in English, "no comment" in response to the charges. The UDC referred the report to the Discipline Hearing Officer (DHO). On the same day, petitioner received a written explanation of his rights, which include the right to have a staff representative, the right to present documentary evidence, and the right to present a statement or remain silent. Petitioner signed a statement showing that he did not want to call witnesses or request the assistance of a staff member

during disciplinary proceedings.

Although petitioner did not request an interpreter, the DHO asked that his case manager, who speaks Spanish and regularly serves as an interpreter, be present during the proceedings.

The hearing was conducted on December 13, 2017. Petitioner gave a statement denying any knowledge of the contraband and stating that he had been assigned to the cell for five months and his cellmate had been assigned to it for three months.

The DHO considered that statement, the KBI report, staff reports, and other material and concluded that petitioner had committed the act charged. She noted that the contraband was found on a towel in front of the cell door and had tested as an intoxicant. The DHO also considered relevant petitioner's failure to provide a defense in the initial stages of the investigation, stating that this is common in a scenario where multiple inmates are issued incident reports for the same misconduct. Because of the danger that a prisoner will be coerced into accepting responsibility for another's actions, the DHO considers evidence that corroborates ownership of the contraband.

The DHO imposed sanctions of the loss of 41 days of Good Conduct Time, 90 days loss of e-mail privileges, 90 days loss of phone privileges, and a fine of $41.00. Petitioner was advised of the findings and his appeal rights, and the DHO issued a written report on December 15, 2017. Petitioner received the report on December 20, 2017.

## Analysis

A district court may issue a writ of habeas corpus only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal

prisoner may proceed under §2241 to present a challenge to the execution of a sentence. *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)(petition under § 2241 "may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters….").

A prisoner's liberty interest in earned good time credits cannot be denied without minimal due process protections. *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007). Administrative disciplinary proceedings conducted within a prison do not require the "full panoply of rights" due in criminal proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Instead, in a prison disciplinary proceeding, due process requires "notice of the charges, an opportunity to present witnesses and evidence in defense of those charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004). Finally, "there must be some evidence to support the panel's decision, and the decisionmaker must be impartial." *Id*. (citation omitted).

Petitioner does not allege that these safeguards were not observed. Instead, he asserts that he was denied a certified Spanish/English translator, and he claims that the respondent erred in failing to expunge the incident report after his cellmate accepted responsibility for the violation.

The Tenth Circuit has not addressed when an interpreter must be made available in an administrative disciplinary proceeding against a prisoner. In *Tello v. Sanchez*, 2016 WL 10588064 (D.N.M. Mar. 8, 2016), the U.S. District Court for the District of New Mexico adopted the holding of the Eighth Circuit that "[d]ue process rights are not

violated by the failure of the state to appoint an interpreter if the defendant does not request an interpreter and the state is not otherwise put on notice of a significant language barrier." *Tello*, 2016 WL 10588064 at *6 (quoting *Gonzales-Perez v. Harper*, 241 F.3d 633, 637 (8th Cir. 2001)).

Applying that standard to the present matter, the Court finds that petitioner's due process rights were adequately protected. Staff had no notice of any need for an interpreter, as petitioner did not request an interpreter either prior to or during the proceedings and prison orientation interviews had shown him to be proficient in English. In any event, the DHO secured the presence of a person with the ability to speak Spanish at the disciplinary hearing, which allowed petitioner the opportunity to seek assistance during those proceedings. These circumstances do not support petitioner's claim that he was denied assistance necessary to an understanding of the charges or proceedings.

Finally, petitioner alleges error by the BOP in failing to expunge the disciplinary finding against him due to the acceptance by his cellmate of responsibility for the contraband. However, courts in the Tenth Circuit have sustained disciplinary findings against prisoners where contraband is discovered in an area accessible to multiple prisoners. *See, e.g., Simon v. Jones,* 550 Fed. Appx. 670, 671 (10th Cir. 2014)("prison officials may show possession constructively as well as actually, and they may rely on circumstantial evidence to make their case") and *Howard*, 487 F.3d at 812 (agreeing with "[t]he proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access"). The decision of the DHO reflected her

expertise, is consistent with holdings accepting constructive possession to support a disciplinary decision, and is supported by evidence in the record.

## Conclusion

For the reasons set forth, the Court concludes the petitioner was provided due process during the disciplinary proceedings and the decision of the DHO is supported by sufficient evidence.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

**IT IS SO ORDERED.**

DATED:  This 26th day of February, 2019, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge